IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Randy Butts and Barbara Butts, individually and on behalf of those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER DENYING** |
| InterSecurities, Inc., and David Skjerven, | ) ) | **MOTION TO STRIKE AND MOTION TO DISMISS** |
| Defendants. | ) ) ) | Civil No. 3:07-cv-53 |
| InterSecurities, Inc., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| Dakota Branch Enterprises, LLC, and Randall E. Johnson, | ) ) ) | |
| Third-Party Defendants. | ) ) ) | |

Before the Court are a Motion to Strike and a Motion to Dismiss filed by Defendant InterSecurities, Inc. ("ISI") (Doc. #12). Plaintiffs Randy and Barbara Butts have filed a brief in opposition to the motions (Doc. #36). The Court has carefully considered the arguments of the parties, as well as the Plaintiffs' Complaint, and now issues this memorandum opinion and order.

**SUMMARY OF DECISION**

The Court finds that Plaintiffs have not included any allegations or exhibits in their Complaint which are redundant, immaterial, or impertinent, so ISI's Motion to Strike is DENIED.

1

The Court also concludes that Plaintiffs have alleged sufficient facts to state a claim as to both Counts One and Two of the Complaint, so ISI's Motion to Dismiss under Rule 12(b)(6) is DENIED.

## FACTUAL BACKGROUND

In April 2007, Plaintiffs filed the instant action, which is a putative class action, against ISI and David Skjerven in state district court in Cass County, North Dakota. ISI removed the action to this Court on the basis of diversity jurisdiction, and Skjerven joined in the removal. Plaintiffs are residents and citizens of the State of Colorado. ISI is a corporation organized under the laws of the State of Florida, with its principal place of business located in St. Petersburg, Florida. Skjerven is a resident and citizen of the State of Arizona.[1] The amount in controversy exceeds $75,000. See Compl. ¶¶ 20-21. On the basis of these facts, the Court has diversity jurisdiction over the action.

Plaintiffs' Complaint is styled as a class action and seeks rescission of certain sales, along with damages from ISI and Skjerven, in connection with a brokerage account held with ISI and managed by Skjerven. Plaintiffs allege that Skjerven was a registered securities agent employed by ISI in its Fargo, North Dakota office at the time of the events giving rise to this action. Plaintiffs' Complaint sets forth three causes of action against ISI and Skjerven. In Count One, Plaintiffs allege that ISI and Skjerven are liable for the sale of unregistered securities under N.D.C.C. § 10-04-17. In Count Two, Plaintiffs allege that ISI and Skjerven committed the tort of conversion with their funds. In Count Three, Plaintiffs allege that ISI negligently supervised Skjerven and thereby caused them substantial damages.

---

[1] ISI's Notice of Removal, which was filed on May 16, 2007, alleges that Skjerven is a citizen and resident of the State of Minnesota. Two days later, ISI submitted a document signed by Skjerven consenting to removal of the action, in which Skjerven asserts that he is a resident of Arizona. It appears to the Court that Skjerven must have been a citizen of Arizona, not a citizen of Minnesota, at the time of removal.

**DISCUSSION**

ISI has moved to strike certain allegations and exhibits in Plaintiffs' Complaint under Rule 12(f), Fed. R. Civ. P., on the grounds that they are redundant, immaterial, and impertinent. ISI has also moved to dismiss Count One, in part, and Count Two, in its entirety, for failure to state a claim upon which relief may be granted under Rule 12(b)(6), Fed. R. Civ. P. The Court will address each of these motions in turn.

### I. Motion to Strike under Rule 12(f)

Rule 12(f), Fed. R. Civ. P., provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because the rule is stated in the permissive, the district court has liberal discretion to strike pleadings under Rule 12(f). BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007); Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). However, striking a party's pleading is an extreme and disfavored measure. BJC Health Sys., 478 F.3d at 917.

As an initial matter, the Court notes that ISI's Motion to Strike appears to have been untimely filed. Under Rule 12(f), a party may bring a motion to strike "either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Here, ISI filed its Answer to the Complaint, and then filed the Motion to Strike later that same day. Nevertheless, the Court has considered the merits of ISI's motion. See United States v. Lot 65 Pine Meadow, 976 F.2d 1155, 1157 (8th Cir. 1992).

The Court has carefully reviewed the allegations in the Complaint to which ISI objects, along with the attached exhibits. The Court is not convinced that any of these materials are redundant, immaterial, impertinent, or scandalous matter, nor that ISI will be unfairly prejudiced if these

materials are not stricken from the Complaint.  This is not an instance where the extreme and disfavored measure of striking a pleading is warranted.  Therefore, ISI's Motion to Strike under Rule 12(f) is DENIED.

## II.  Motion to Dismiss under Rule 12(b)(6)

ISI has also moved to dismiss portions of Plaintiffs' Complaint under Rule 12(b)(6) for failure to state a claim.  Specifically, ISI contends that Count One must be dismissed, to the extent it asserts ISI is primarily liable for the sale of unregistered securities.  ISI also contends that Count Two, the conversion claim, must be dismissed in its entirety.

Rule 8(a)(2), Fed. R. Civ. P., requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This short and plain statement must provide the defendant with fair notice of the plaintiff's claim and the grounds upon which it rests.  Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (quotations omitted).

When determining whether a complaint states a claim, the court should construe the complaint liberally, in the light most favorable to the plaintiff.  Eckert, 514 F.3d at 806.  The court must accept all factual allegations in the complaint as true, and every reasonable inference is granted in favor of the plaintiff.  McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007); Knieriem v. Group Health Plan, Inc., 434 F.3d 1058, 1060 (8th Cir. 2006).  Furthermore, written instruments attached to the complaint become part of it for all purposes.  Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint need not contain detailed factual allegations.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).  However, assuming the factual allegations in the complaint are true, those factual allegations "must be enough

to raise a right to relief above the speculative level." Id. at 1965; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (citation omitted); see also Eckert, 514 F.3d at 806.  A complaint must contain enough facts to state a claim to relief that is not merely conceivable, but plausible on its face.  Twombly, 127 S. Ct. at 1974.

Dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006).  As a practical matter, such dismissal should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint there is some insuperable bar to relief. Schmedding v. Tnemec Co., Inc., 187 F.3d 862, 864 (8th Cir. 1999); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 565 (3d ed. 2004) (stating that "relatively few complaints fail to meet this liberal standard and thereby become subject to dismissal" under Rule 12(b)(6)).

It is well-established that pleading in the alternative, including inconsistent theories of relief, is permitted under the federal rules.  See Fed. R. Civ. P. 8(d); Kan. State Bank in Holton v. Citizens Bank of Windsor, 737 F.2d 1490, 1499 (8th Cir. 1984).  Rule 8(d)(2), Fed. R. Civ. P., provides:

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

Rule 8(d)(3) further provides, "A party may state as many separate claims or defenses as it has, regardless of consistency."

### A. Count One - Sale of Unregistered Securities

The Court must construe Plaintiffs' Complaint in the light most favorable to them, granting every reasonable inference in their favor. Plaintiffs allege that ISI maintained an office in Fargo from November 1996 until November 2004, and that Skjerven was a securities agent working in that office. Compl. ¶¶ 2-3. Plaintiffs further assert they maintained a brokerage account with ISI that was managed by Skjerven. Id. ¶ 4. Plaintiffs specifically allege that during that time period, "David Skjerven was employed or otherwise affiliated with ISI," and that "[t]he conduct complained of herein occurred within the scope of Skjerven's employment with ISI, and/or while Skjerven acted as agent for ISI." Id. ¶ 13. Plaintiffs claim that Skjerven maintained bank accounts in the names Skjerven Financial and David A. Skjerven & Associates as part of his business as a securities agent, and that ISI was aware of those accounts. Id. ¶ 16. Plaintiffs further allege:

> 17. During the time that Skjerven was associated with ISI, he undertook a scheme pursuant to which he sold unregistered promissory notes and other securities. The promissory notes and other securities were neither registered nor exempt from registration, as required by N.D. Cent. Code Chapter 10-04.
>
> 18. The scheme developed into a Ponzi scheme, with Skjerven using money from new investors and recently sold promissory notes and other securities to pay earlier investors.
>
> 19. Skjerven deposited the proceeds from the sale of the promissory notes and other securities in accounts he maintained in the names of Skjerven Financial Services and David A. Skjerven & Associates.

Id. ¶¶ 17-19. Plaintiffs assert that they invested several hundred thousand dollars in unregistered securities "sold to them by Skjerven and ISI." Id. ¶ 20.

Plaintiffs assert their first cause of action, for sale of unregistered securities, against both ISI and Skjerven. Plaintiffs specifically allege:

> In addition to having primary liability for the sale of the promissory notes and other securities, ISI is both a "person who controls or supervises a person liable" for the sale of the promissory notes and other securities, and a "broker dealer that materially aided" Skjerven's conduct in selling the promissory notes or other securities. As such, it is jointly and severally liable to Named Plaintiffs and Class Members.

Plaintiffs seek rescission of the sale of the unregistered promissory notes and securities, as well as damages. Id. ¶¶ 31, 36.

In its Motion to Dismiss, ISI argues that it may not be held liable for the sale of unregistered securities under Count One as a matter of law, because Plaintiffs' factual allegations show that Skjerven sold the securities, not ISI. ISI also contends that Plaintiffs' cause of action for the sale of unregistered securities is inconsistent with their allegations that ISI failed to properly supervise Skjerven or review his business accounts. After carefully reviewing the Complaint, the Court is convinced that Plaintiffs have sufficiently stated a claim against ISI for the sale of unregistered securities. ISI's contention that only Skjerven may be held liable for the sale of unregistered securities ignores the ordinary principles of agency and employment relationships.

An agency relationship results when one entity, called the principal, authorizes another entity, called the agent, to act for the principal in dealing with third parties. Stockman Bank of Mont. v. AGSCO, Inc., 2007 ND 26, ¶ 11, 728 N.W.2d 142, 148 (citing N.D.C.C. § 3-01-01). An agency is actual when the agent is really employed by the principal. Argabright v. Rodgers, 2003 ND 59, ¶ 6, 659 N.W.2d 369, 371 (citing N.D.C.C. § 3-01-03). An agency is ostensible when the principal intentionally or by want of ordinary care causes a third person to believe another to be his agent, who really is not employed by him. Id. An agent has the actual authority that the principal intentionally confers upon the agent, and an agent may do any acts the principal may do. Stockman Bank, 2007 ND 26, ¶ 11, 728 N.W.2d at 148 (citing N.D.C.C. §§ 3-01-05, 3-02-01, and 3-02-02).

An agent has the authority to do everything necessary or proper and usual in the ordinary course of business to effect the purpose of the agency.  Id. (citing N.D.C.C. § 3-02-08).  Furthermore, a corporation is generally responsible for the acts of its employees if done on its behalf and within the scope of the employee's authority.  Fargo Women's Health Org., Inc. v. Larson, 391 N.W.2d 627, 633 (N.D. 1986).

In the Complaint, Plaintiffs have clearly alleged that Skjerven was acting either as an employee within the scope of his employment with ISI, or as an agent for ISI.  These allegations are sufficient to state a claim against ISI for the sale of unregistered securities.  ISI emphasizes that it should not be held "primarily" liable for the sale of unregistered securities.  The Court concludes ISI has unduly focused on the words "primary liability," which appear only one time in the Complaint.  It is clear that Plaintiffs seek to hold ISI responsible for the sale of unregistered securities through the acts of Skjerven, who they allege was acting as ISI's employee or agent.  Whether that liability should properly be characterized as "primary," as opposed to secondary or vicarious, is of little moment.  Plaintiffs have pleaded sufficient facts to plausibly show that ISI may be held liable for acts committed on its behalf by Skjerven, through either an employment or agency relationship.

Furthermore, the Court finds that ISI's argument regarding the inconsistency of Plaintiffs' causes of action does not comport with the liberal approach to pleading permitted under the federal rules.  Under Rule 8(d), Fed. R. Civ. P., Plaintiffs may assert as many separate claims as they have, regardless of consistency.  Therefore, Plaintiffs may assert a cause of action against ISI for the sale of unregistered securities, and also assert that ISI negligently supervised Skjerven, thereby allowing him to sell unregistered securities.  Even within Count One itself, Plaintiffs are entitled to assert

more than one statement of a claim alternatively or hypothetically, and that is what Plaintiffs have done here. See Fed. R. Civ. P. 8(d)(2). Plaintiffs allege that ISI may be held liable for the sale of unregistered securities, for controlling or supervising a person liable for the sale of unregistered securities, and for materially aiding the conduct giving rise to liability. Under Rule 8(d)(2), the pleading is sufficient if any one of these alternative statements is sufficient.

The Court concludes Plaintiffs have alleged sufficient facts such that their right to relief against ISI for sale of unregistered securities rises above the speculative level. Plaintiffs have set forth facts which plausibly show that ISI may be held liable for the sale of unregistered securities through the acts of Skjerven, who was acting as its employee or agent. This is not the unusual case where dismissal under Rule 12(b)(6) is appropriate. ISI's Motion to Dismiss as to Count One is DENIED.

### B.  Count Two - Conversion

ISI also contends that Count Two, which sets forth a cause of action for conversion, should be dismissed in its entirety for failure to state a claim under Rule 12(b)(6). Specifically, ISI argues that Plaintiffs have pleaded facts which show it was Skjerven, not ISI, who had their money and deposited it into his bank accounts. ISI further argues that Plaintiffs have not stated a claim for conversion because there is no allegation that specific, identifiable funds were converted.

To the extent ISI argues it may not be held liable for the acts of Skjerven, the Court rejects this argument for the same reasons discussed in the analysis of Count One. Plaintiffs have alleged that Skjerven was an employee of ISI acting within the scope of his employment at the time of the relevant conduct. Generally, entities are liable for torts committed by their agents while acting within the scope of their employment. Wanger v. Lerol, 2003 ND 164, ¶ 28, 670 N.W.2d 830, 840.

An employer may be held vicariously liable for the intentional torts of an employee in certain circumstances. See Nelson v. Gillette, 1997 ND 205, ¶¶ 18-22, 571 N.W.2d 332, 337 ("It would be legally unthinkable, for instance, to let a bank evade responsibility for a customer's money embezzled by an employee because the employee's intentional acts did not serve the employer's purposes.") Because Plaintiffs have alleged that Skjerven was acting as an employee of ISI at the time of the conversion, they have sufficiently stated a claim against ISI for conversion as well.

As to ISI's argument regarding an allegation of specific funds, the Court must construe the Complaint in the light most favorable to the Plaintiffs, granting every reasonable inference in their favor. Plaintiffs allege that while Skjerven was employed or affiliated with ISI, he sold unregistered promissory notes and other securities. Compl. ¶ 17. "The scheme developed into a Ponzi scheme, with Skjerven using money from new investors and recently sold promissory notes and other securities to pay earlier investors." Id. ¶ 18. Plaintiffs further allege that Skjerven deposited the proceeds from these sales into certain bank accounts named Skjerven Financial Services and David A. Skjerven & Associates. Id. ¶ 19.

Under North Dakota law, conversion consists of a tortious detention or destruction of personal property, or a wrongful exercise of dominion or control over the property inconsistent with or in defiance of the rights of the owner. Buri v. Ramsey, 2005 ND 65, ¶ 14, 693 N.W.2d 619, 624. Conversion does not require bad intent on the part of the converter, but only an intent to control or interfere with an owner's rights to an actionable degree. Id. The North Dakota Supreme Court has recognized that in actions for conversion, an interest in specific, identifiable property must be pleaded and proved. See Napoleon Livestock Auction, Inc. v. Rohrich, 406 N.W.2d 346, 354 (N.D. 1987). However, the degree of particularity with which identification must be made in proof of

conversion will vary under the circumstances of each individual case. Id. A plaintiff must show that he has either a general or special property interest in the thing converted and the right to its possession at the time of the alleged conversion. Id. at 352-53 (emphasis omitted).

The North Dakota Supreme Court has never specifically addressed the requirements to state a claim for conversion of money or funds. Many other jurisdictions have done so, and both parties cite to the varying rules from some of these jurisdictions in their briefs. However, in the absence of controlling North Dakota case law on the matter, the Court finds it appropriate to look to sources which provide the general rules for conversion actions based on money. "An action may lie for the conversion of money where there is an obligation to keep intact or deliver the specific money in question and where such money can be identified or described. It is not essential to the maintenance of the action, however, that the money be earmarked." 53A Am. Jur. 2d Money § 20 (2008).

> The general rule is that money is an intangible and, therefore, not subject to a claim for conversion. However, an exception exists when a plaintiff can allege that the defendant converted specific segregated or identifiable funds. Specifically identified money of any kind is as much the subject of conversion as any other kind of personal chattel . . . . For money to be a subject of conversion, it need not be specifically earmarked.
> 
> . . . .
> 
> There can be, however, no conversion of money unless there was an obligation on the part of the defendant to deliver specific money to the plaintiff, or unless the money was wrongfully received by the defendant. Trover does not lie to enforce a mere obligation to pay money, or for money had and received for payment of a debt. On the other hand, where the defendant is under an obligation to deliver specific money to the plaintiff, and fails or refuses to do so, or when wrongful possession of it has been obtained by the defendant, there is a conversion for which trover lies. Misappropriated funds placed in the custody of another for a definite purpose may be subject to a suit for conversion.

90 C.J.S. Trover and Conversion § 16 (2008).

Based on the foregoing, the Court concludes that Plaintiffs have alleged sufficient facts to state a cause of action for conversion. Plaintiffs have alleged the conversion of identifiable and describable funds, namely, those funds which were paid to Skjerven to purchase unregistered securities. This is not a case where Plaintiffs seek to enforce a mere obligation to pay money on a debt. Rather, Plaintiffs' Complaint, which must be construed with all reasonable inferences in their favor, alleges that Skjerven obtained wrongful possession of their funds by selling them unregistered securities, and that he misappropriated those funds by using them in a Ponzi scheme to pay earlier investors. The Court finds these allegations state a claim under general conversion principles, and and it is unwilling to dismiss Count Two as a matter of law when there is no clear North Dakota case law setting a more restrictive standard. See N.D.R.Civ.P. Appendix of Forms, Form 10 (providing a sample complaint for conversion under North Dakota law).

The Court expresses no opinion on the merits of Plaintiffs' conversion claim against ISI and Skjerven. When the facts have been further developed, it may become clear that they cannot prevail on the conversion issue. However, under the liberal pleading standards of the federal rules, the Court concludes Plaintiffs have alleged sufficient facts to state a plausible claim to relief. ISI's Motion to Dismiss as to Count Two is DENIED.

## DECISION

ISI's Motion to Strike under Rule 12(f) is **DENIED**. ISI's Motion to Dismiss under Rule 12(b)(6) for failure to state a claim is also **DENIED**.

**IT IS SO ORDERED.**

Dated this 31st day of March, 2008.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court